UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LOUIS ARCHER,

    Plaintiff,                    CASE NO.:

v.

CANNON ENERGY DRINKS, INC.
d/b/a KAPOYA ENERGY DRINKS

    Defendant.
_____/

## COMPLAINT

Plaintiff, LOUIS ARCHER ("Plaintiff"), brings this action against Defendant, CANNON ENERGY DRINKS, INC. d/b/a KAPOYA ENERGY DRINKS ("Defendant"), to recover money damages for unpaid overtime compensation, liquidated damages, retaliation and costs and attorney's fees under the provision of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA"). In support thereof, Plaintiff states as follows:

## PARTIES

1. Plaintiff was an employee of Defendant from approximately April 29, 2016 through June 24, 2016. Plaintiff performed his duties as a non-exempt, hourly employee working throughout Dade, Broward and Palm Beach counties, which are within the jurisdiction of this Court.

2. Defendant is a limited liability company with a principal place of business in Port St. Lucie, Florida, but Defendant directed Plaintiff to work in Dade, Broward and Palm Beach counties.

1

3. Defendant directly or indirectly acted in the interest of an employer toward Plaintiff at all material times, including without limitation, directly or indirectly controlling the terms of employment and compensation paid to the Plaintiff.

4. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. 203(r) and 203(s).

5. At all times material to this Complaint, Defendant had two (2) or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

6. Based upon information and belief, the annual gross sales volume of the Defendant was in excess of $500,000.00 per annum at all times material hereto.

7. At all times pertinent to this Complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act.

8. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216(b).

9. Venue is proper pursuant to 28 U.S.C. §1391. The Court has jurisdiction over the Defendant, and in regard to Plaintiff in that the acts from which this lawsuit arise occurred in the Southern District of Florida and, in particular, in Miami, Florida.

10. Plaintiff was a non-exempt hourly employee who earned $13.75 per hour, and regularly worked approximately fifty (50) hours per week. However, Plaintiff earned $550.00 gross (40 hours x $13.75) each week no matter how many hours he worked. Plaintiff's primary job duty was to market Defendant's company by driving through various territories located throughout southeast Florida marketing Defendant's energy drink.

11. Plaintiff believes that he worked approximately fifty (50) hours per week, however, Defendant failed to compensate Plaintiff at time and one half his regular rate for the overtime hours he worked.

12. Instead, Defendant only paid Plaintiff $550.00 per week no matter how many hours he worked.

13. Based upon Plaintiff being owed and average of ten (10) unpaid overtime hours per week at time and one-half his regular rate of pay ($20.63 per hour) during a total of seven (7) weeks between April 2016 and June 2016, Plaintiff's unpaid overtime wages total approximately $1,444.00 [($20.63/hour x 10 unpaid overtime hours/week x 7 weeks = $1,444.00]

14. At all times pertinent to this Complaint, Defendant failed to comply with 29 U.S.C. § 201-209 by not compensating Plaintiff for the hours he worked in excess of forty (40) in one or more work weeks.

15. The records, if any, concerning the number of hours actually worked by the Plaintiff are in the possession and custody of Defendant.

16. Plaintiff is entitled to receive time and one half his regular rate of pay for each hour (or part thereof) worked over 40 in a work week, along with an equal amount of liquidated damages.

17. Plaintiff has retained the Jacob Auerbach P.A. to represent him in this action. Pursuant to 29 U.S.C. §216 (b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

18. Plaintiff demands a jury trial.

## **COUNT I – RECOVERY OF OVERTIME COMPENSATION**

19. Plaintiff adopts and realleges the allegations contained in paragraphs 1 through 18.

20. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) hours per work week.

21. By reason of said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages, plus incurred costs and reasonable attorney's fees.

22. As a result of Defendant's willful violation of the Act, Plaintiff is entitled to receive liquidated damages.

**WHEREFORE**, Plaintiff, LOUIS ARCHER, demands judgment against Defendant, CANNON ENERGY DRINKS, INC., d/b/a KAPOYA ENERGY DRINKS for the payment of all overtime hours at one and one-half times his regular rate of pay, liquidated damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

## **COUNT II – RETALIATORY DISCHARGE AGAINST DEFENDANT**

23. Plaintiff adopts and realleges the allegations contained in paragraphs 1 through 18.

24. 29 U.S.C. § 215(a)(3) states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding . . . ."

25. On or about July 13, 2016, Plaintiff complained to Defendant, in writing, via his attorney, of the failure to pay overtime to Plaintiff.

26. Upon receiving the demand letter from Plaintiff's attorney, Defendant fired Plaintiff on July 21, 2016. Specifically, Defendant's manager told Plaintiff over the phone that Defendant "had received his lawyer's letter and he was fired."

27. The motivating factors, which caused Plaintiff's termination as described above, was his demand or complaint seeking the payment of unpaid overtime wages from the Defendant. Plaintiff would not have been terminated but for his complaint about unpaid overtime wages.

28. Defendant's termination of Plaintiff was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff, LOUIS ARCHER, demands judgment against Defendant, CANNON ENERGY DRINKS, INC., d/b/a KAPOYA ENERGY DRINKS for the payment of back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorney's fees, costs, and, damages for emotional distress, pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

Dated this 30th day of August, 2016

**JACOB AUERBACH P.A.**

Jacob Auerbach, Esq.
5521 N. University Drive, Ste 204
Coral Springs, FL 33067
Phone: (954) 906-8228
Jacob@aalawllc.com
*Attorney for Plaintiff*

By: /s/ ***Jacob K. Auerbach***
    Jacob K. Auerbach
    FBN: 084003